IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IAN A. FINLAY, )
    Petitioner, )
)
v. ) 2:12-cv-499
)
MICHAEL C. POTTEIGER, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Ian A. Finlay for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Ian A. Finlay, by his counsel, has presented a petition and amended petition for a writ of habeas corpus.

As set forth in the amended petition, Finlay was charged with six counts of criminal attempt to commit unlawful contact with a minor, one count of criminal attempt to commit involuntary deviate sexual intercourse and one count of criminal attempt to commit statutory sexual assault. Following a jury trial, on January 5, 2005, he was convicted on all counts and on April 25, 2005 sentenced to six consecutive six to twelve months sentences to be followed by four years of probation at CP-65-CR-4337-2003 in the Court of Common Pleas of Westmoreland County, Pennsylvania. A timely appeal was filed and dismissed by the Superior Court for failure to follow the Pennsylvania Rules of Appellate Procedure.

On March 30, 2007, a timely post-conviction petition was filed and on April 16, 2007, the Court of Common Pleas reinstated his appellate rights *nunc pro tunc*, and a timely appeal was filed in which the issues presented were:

> I. Whether counts 1-6 of the information fail to allege that the appellant committed the crime of unlawful contact with a minor?

II. Whether the Commonwealth failed to prove that the appellant attempted to commit unlawful contact with a minor as charged, in violation of 18 PA.C.S. §6318, in that the evidence did not establish that appellant's purpose was to engage in a violation of 18 Pa.C.S. §5903(c) as alleged in the information?

III. Whether in regard to counts 7 and 8, the lower court erred in concluding that appellant's conduct constituted the required substantial step necessary to sustain a conviction pursuant to the attempt statute, 18 Pa.C.S. §901?

IV. Whether the lower court erred in refusing to allow appellant to introduce expert testimony regarding his belief that "Kellygirl" was in reality, police posing as a 15 year old?[1]

On January 2, 2008, the Superior Court affirmed the judgment.[2]

A timely post-conviction petition was filed on December 30, 2008 and relief was denied on January 28, 2010. An appeal to the Superior Court was pursued in which the issues raised were:

I. Whether trial counsel was ineffective for failing to file a motion to dismiss counts 1-6 of the information in that the Commonwealth failed to allege in the information that appellant's alleged attempted contacts with a minor were for the purpose of committing any of the enumerated offenses set forth in 18 Pa.C.S.§6318?

II. Whether alternatively (in regard to issue I), if trial counsel was not ineffective for failing to file a motion to dismiss counts 1-6, trial counsel was ineffective for failing to file a bill of particulars seeking to require the Commonwealth to specify as to what type of unlawful conduct the appellant had contacted the minor for the purpose committing, regarding counts 1-6 (unlawful contact with a minor)?

III. Whether trial counsel was ineffective for failing to object to the trial court's jury instruction that I.D.S.I. and statutory sexual assault were predicate offenses which the jury could consider as offenses which appellant contacted the "minor" for the purposes of committing, when no possible interpretation of the allegations set forth in the information included or referred in either way to those offenses?

IV. Whether trial counsel was ineffective for failing to raise the alternative legal defense (and the defense with the best chance of winning) of the Commonwealth's failure to prove that the appellant possessed the specific intent to commit the crimes charged or that he took a substantial step toward the commission of those crimes in regard to all of the counts in the information?

---

[1] See: Appendix p.181a.
[2] See: Appendix pp. 301a-320a.

> V. Whether trial counsel was ineffective for failing to object to the highly prejudicial and improper expert opinion elicited by the Commonwealth which essentially stated that in his opinion as an expert, the appellant was lying when he testified that he knew that "Kellygirl" was in reality the police?
>
> VI. Whether trial counsel was ineffective in basing a substantial portion of its <u>sole</u> defense on what was clearly (as offered) an inadmissible expert opinion which "opinion" simply sought to improperly vouch for appellant's credibility?[3]

On February 4, 2001, the denial of post-conviction relief was affirmed,[4] and on March 15, 2012 Finlay's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.[5] On May 1, 2012, petitioner's request for reconsideration of its denial of allowance of appeal by the latter court was denied.[6]

The instant original habeas corpus petition was timely filed on April 16, 2012, and the amended petition was filed on October 26, 2012. In the latter, Finlay contends he is entitled to relief on the following grounds:

> I. Petitioner was denied due process when he was convicted of criminal attempt to commit involuntary deviate sexual intercourse and criminal attempt to commit statutory sexual assault.
>
> II. Petitioner was denied effective assistance of counsel for failing to file a motion to dismiss counts 1-6 of the information in that the Commonwealth failed to allege in the information that petitioner's alleged attempted contacts with a minor were for the purpose of committing any of the enumerated offenses set forth in 18 Pa.C.S.§6318.
>
> III. Petitioner was denied effective assistance of counsel when counsel failed to file a bill of particulars seeking to require the Commonwealth to specify as to what type of unlawful conduct petitioner had contacted the minor for the purposes of committing, regarding counts 1-6 (unlawful contact with a minor).
>
> IV. Petitoiner was denied effective assistance of counsel for failing to object to the trial court's jury instruction that involuntary deviate sexual intercourse and statutory sexual assault were predicate offenses which the jury could consider as offenses which petitioner contacted the "minor" for the purposes of committing, when no possible interpretation of the allegations set forth in the information included or referred in either way to those offenses.

---

[3] See: Appendix pp.328a-329a.
[4] See: Appendix at pp.440a-445a.
[5] See: Appendix at p.467a.
[6] See: Appendix at p.481a.

V. Petitioner was denied effective assistance of counsel for failing to raise the alternative legal defense (and the defense with the best chance of winning) of the Commonwealth's failure to prove that petitioner possessed the specific intent to commit the crimes charged or that he took a substantial step toward the commission of those crimes in regard to all of the counts in the information.

VI. Petitioner was denied effective assistance of counsel for failing to object to the highly prejudicial and improper expert opinion elicited by the Commonwealth which essentially stated that in his opinion as an expert, petitioner was lying when he testified that he knew that "Kellygirl" was in reality a police officer.

VII. Petitioner was denied effective assistance of counsel in basing a substantial portion of its sole defense on what was clearly (as offered) an inadmissible expert opinion which "opinion" simply sought to improperly vouch for petitioner's credibility.[7]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental

---
[7] See: Amended petition at pp.8-9.

miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

In its answer the Commonwealth concedes that the petitioner has exhausted the available state court remedies on issues II-VII but argues that although issue I raises a due process violation, when presented to the state courts it was done in an argument regarding the sufficiency

5

of the evidence. While this latter argument appears to be supported by the record, we nevertheless will address it here.[8]

The background to this prosecution is set forth in the February 4, 2011 Memorandum of the Superior Court:

> Appellant, during the period from July 10, 2003, to August 22, 2003 engaged in a telephonic "text message" and internet "instant message" relationship with a police officer who was posing as a fifteen year old girl. The collected texts of the communications between appellant and the police officer/fictional minor were lengthy, and were introduced at trial. For our purposes, it is sufficient to say that the conversations were graphic, and contained specific requests by appellant to have the fictional minor engage in vaginal and oral intercourse. Appellant was ultimately arrested when he showed up at a designated rendezvous point for the purposes of commencing a physical relationship (footnote omitted).[9]

Petitioner's first argument is that he was "denied due process when he was convicted of attempt to commit involuntary deviate sexual intercourse and criminal attempt to commit statutory sexual assault." That is, the petitioner argues in a due process context that the evidence was insufficient to sustain his conviction. Specifically, petition alleges that Count 7 of the information alleges an attempt to commit involuntary deviate sexual intercourse and Court 8 alleges an attempt to commit Statutory Sexual Assault.[10]

At trial Officer Jones testified that he set up a Yahoo account in the name of "Kelly_kellygirl2000" representing himself as a fifteen year old female (TT.1/3/05 p.158); that contact was established with "Ian_pittsburgh" (TT.1/3/05 p.162); that an extensive graphic sexual exchange transpired (TT. 1/3/05 pp.164-189, 227-252, 265-268) and a meeting was arranged (TT.1/3/05 pp.206-222, 271-272, 277-285, 297-299, 303.). Following this exchange, the petitioner traveled to the meeting site and was arrested (TT. 1/3/05 pp.308-310). The petitioner now argues that the travel was preparation and not a criminal attempt. Pennsylvania defines attempt as the performance of an act which "constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. §901.

In reviewing the challenge to the sufficiency of the evidence on these two counts, the Superior Court on direct appeal wrote:

---

[8] 28 U.S.C. §2254(b)(2) permits an issue to be denied on the merits despite failure to exhaust state court remedies .
[9] See: Appendix pp.440a-441a.
[10] See: Petition at pp.11-12.

6

> Based on the evidence … Appellant, who was twenty-six years of age, engaged in repeated, ongoing communications with Kellygirl, whom he believed to be fifteen years old. He introduced sexual topics into their computer conversations and wrote explicitly about engaging in sexual intercourse, oral and otherwise, with her. The conversations revealed his desire and intent to meet her in order to engage in sex; he made plans with her to do so.
>
> He and Kellygirl exchanged descriptions of the clothing each would be wearing so that they could identify one another upon meeting. They also had exchanged physical descriptions earlier in their Internet conversations. Appellant obtained driving directions to the selected location and, on the prearranged date, at the prearranged time, drove to the restaurant he and Kellygirl had selected. After his arrest, police found wine and beer in his car. He had previously indicated to Kellygirl it would [be] fun to drink when they met.
>
> … when viewed most favorably to the Commonwealth, the facts and reasonable inferences from those facts are sufficient to find beyond a reasonable doubt that Appellant took a substantial step toward engaging in sexual intercourse, oral and otherwise, with the believed-to-be juvenile…Accordingly, we find the evidence was sufficient to sustain Appellant's convictions for attempt …[11]

As a matter of interpretation of state substantive law, this determination is conclusive here, unless a violation of Constitutional proportion occurred, Swarthout v. Cooke, 131 S.Ct. 859 (2011). While this issue is couched in terms of an alleged due process violation, in reality it is one challenging the sufficiency of the evidence. In reviewing such a claim the standard imposed is whether based on the evidence presented any rational fact-finder could determine guilt beyond a reasonable doubt. Coleman v. Johnson, 132 S.Ct. 2060 (2012). From the summary recitation above, it is evident that such a determination could be made and for this reason, the claim does not provide a basis for relief.

Petitioner's six remaining claims argue that counsel was ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to

---

[11] See: Appendix at pp.310a-312a.

7

deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).[12]

Petitioner initially contends that counsel was ineffective in failing to move for a dismissal of counts 1-6 on the grounds that the prosecution failed to charge that his attempts to contact a minor were for purposes of committing an enumerated sexual offense. Under Pennsylvania law a criminal information is sufficient "if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet." Com. v Alston, 651 A.2d 1092, 1095 (Pa.1994). Criminal attempt occurs when "a person …with intent to commit a specific crime … does any act which constitutes a substantial step toward the commission of that crime." 18. PA.C.S.A. §901(a). Additionally, 18 Pa.C.S.A. §6318(a)(1) provides:

> A person … commits an offense if he, knowing that he is contacting or communicating with a minor within this Commonwealth, intentionally contacts or communicates with that minor for the purpose of engaging in activity prohibited under any of the following, any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

Furthermore, it is not a defense that the defendant did not know the age of the child. 19 Pa.C.S.A. §3102.

As applies to the instant case, the information for counts 1-5 charging criminal attempt states:

> The Actor committed an attempt when, with intent to commit the crime of unlawful contact with a minor, the said actor did the acts of communicating by way of computer instant messages with a believed to be juvenile female from the

---

[12] We note that in the post-conviction appeal, all matters were presented as matters of state law. However, where an issue of ineffective assistance of counsel is raised, since the Pennsylvania and federal standards are similar, it may be examined without it having been raised as a federal issue in state court. Werts v. Vaughn, 228 F.3d 178 (3d Cir.2000), cert. denied 532 U.S. 980 (2001).

8

> Latrobe area involving graphic sexual conversations, which constituted a substantial step toward the commission of the aforesaid crime, in violation of Section 901(a) of the Pennsylvania Crimes Code.
>
> Petitioner also challenges the charging at Count 6 of the information wherein it is stated:
>
> The Actor committed an attempt when, with intent to commit the crime of unlawful contact with a minor, the said actor did the acts of communicating by way of computer e-mails with a believed to be juvenile female from the Latrobe area involving graphic sexual conversations, which constituted a substantial step toward the commission of the aforesaid crime in violation of Section 901(a) of the Pennsylvania Crimes Code.

As previously noted under Pennsylvania law, this is deemed adequate, and for this reason counsel cannot be deemed to have been ineffective for failing to raise meritless claims. Real v. Shannon, 600 F.3d 302 (3d Cir.2010).

Finlay next contends that counsel was ineffective in failing to move for a bill of particulars. In Pennsylvania, a bill of particulars serves the purpose of informing a defendant of the nature of the charged offense so that he might properly prepare his defense. Com. v. Judd, 897 A.2d.1224 (Pa.Super. 2006). At the post-conviction hearing, defense counsel testified that during discovery he had been provided with approximately sixty text messages and four or five instant messages which clearly defined the parameters of the charges against the petitioner; that after reviewing the disclosures he did not believe it was necessary to seek a bill of particulars and that both he and the petitioner knew what was being charged (PCRA 6/23/09 pp.8-13, 44-46). United States v. Urban, 404 F.3d 754, 772 (3d Cir.2005)("full discovery … obviates the need for a bill of particulars" (citing cases)). Thus, there was nothing to be gained by seeking a bill of particulars and for this reason the claim that counsel was ineffective in not seeking such a disclosure is meritless.

Petitioner next contends that counsel was ineffective in failing to object to the jury instruction that involuntary deviate sexual intercourse and statutory sexual assault were predicate offenses when the criminal information made no reference to these offenses. In its jury instructions, the court referred to the language of the statute defining unlawful contact or communication with a minor, 18 Pa.C.S.A. §6318 supra specifically references offenses set forth in Chapter 31 (relating to sexual offenses) and specifically involuntary deviate sexual intercourse and statutory sexual assault. Thus, the instructions referencing these offenses were necessary for consideration in relation to the charged crimes of unlawful communications with a minor.

9

Indeed, at the post-conviction hearing, petitioner's defense counsel testified that he understood the charging information to include involuntary deviate sexual intercourse and statutory sexual assault (PCRA 6/23/09, pp.673a-674a). Again, counsel cannot be faulted for failing to raise a frivolous issue. Real v. Shannon, supra.

The next issue which petitioner raises is that counsel was ineffective for failing to raise an alternative legal defense of lack of specific intent to commit the crimes charged or that petitioner took a substantial step toward the commission of these crimes. At the post-conviction hearing, defense counsel testified that the defendant was insistent that the defense rest on the theory that the petitioner was well aware that he was dealing with the police and that he was merely playing a game (PCRA 6/23/09 pp.649a—650a, 655a-657a) and that petitioner insisted on testifying at trial (PCRA 6/23/09 p.678a) where he testified "I basically wanted to communicate with the police officers, and I wanted to have an ongoing game with them, I wanted to basically one-up them … I was going to say I know you're a cop…"(TT.1/3/05 p.514).

Thus, while trial counsel conceded that he believed this defense was a longshot, this was the defense which Finlay felt "comfortable" with and wished to pursue (PCRA 6/23/09 p.655a). Counsel cannot be deemed to have been ineffective for pursuing a particular defense strategy especially when the petitioner insisted on proceeding in that manner. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Petitioner next alleges that counsel was ineffective for failing to object to expert testimony that Finlay was lying when he testified that he knew he was communicating with the police and not a minor.

At the trial, Trooper Bard was called upon to testify and testified that he has received formal computer training (TT. 1/3/05 pp.389-392); that he was qualified as an expert in the field of computer criminology (TT. 1/3/05 p.394); that emoticons are basically symbols demonstrating emotions which are employed in instant messaging and that based upon his training he would conclude that the emoticons employed in the petitioner's messages are "very similar to the several hundred other instant messages I've seen between children and other people talking to them. To me it appeared they were having a conversation – quite honestly, it appeared as an adult trying to make himself more forthcoming with a younger person." (TT.1/3/05 p.410). It is this testimony to which the petitioner takes exception as implying that the petitioner was lying when he testified that he knew he was communicating with the police. On cross-examination the

Trooper testified that petitioner's emails were laden with emoticons (TT. 1/3/05 pp. 423-424, 436, 435). He concluded that in his opinion that the petitioner believe he was communicating with a younger individual and not the police.

In affirming the denial of post-conviction relief, the Superior Court adopted the reasoning of the trial court[13] which concluded,

> The statement at issue was open to interpretation and trial counsel used his cross-examination and defense witnesses to support the interpretation that helped his defense. Trial counsel had a logical and strategic reason for not objecting to this statement. Also, because this statement was open for interpretation, this Court would not have granted the objection had one been raised. The Defendant's issue lacks merit. (Appendix p.383a).

At the post-conviction hearing, trial counsel testified that he did not interpret the Trooper's testimony as an opinion that the petitioner was lying, but rather he believed the testimony to be helpful by demonstrating the petitioner's injection of humor (Appendix p.680a).

Thus, this testimony regarding the petitioner's frequent use of emoticons in his instant messages merely corroborated the defense testimony that petitioner had frequently used these emoticons in his communications with others (TT. 1/3/05 pp. 477-479, 487-491). For this reason, even if one were to draw the conclusion that the testimony of Officer Bard, an expert in computer criminology, supported his conclusion that the petitioner was lying, it would have created a matter of credibility for the jury's resolution. Cavazos v. Smith, 565 U.S.1 (2011). In addition, since the instant messages/emails were part of the prosecution, as a matter of trial strategy counsel cannot be deemed to have been ineffective for having not objected to this testimony. Rolan v. Vaughn supra. For this reason, this issue does not present a basis for relief here.

The petitioner's final issue is that counsel was ineffective for basing a substantial portion of its defense on an "expert" whose testimony was deemed inadmissible. Specifically, the petitioner sought to present the testimony of Mary Paisano, Ph.D., a psychologist who met with the petitioner on fifty-four occasions after his arrest and was prepared to testify that in her expert opinion, she had concluded that the petitioner knew he was communicating with a police officer. The court determined that her conclusions were premised on statements made to her by the petitioner which were deemed self-serving and that while her testimony might have been

---
[13] See: Appendix p.444a.

relevant at the time of sentencing they were not relevant to the issue of guilt. Accordingly her testimony was excluded. (TT.1/3/05 pp.449-453). At the post-conviction hearing trial counsel testified that while he doubted that the court would permit her to testify, he nevertheless elected to attempt to have her testimony introduced (PCRA 6/23/09 p.665a). Counsel cannot be deemed to have been ineffective for not gaining the admission of inadmissible testimony.

This case is an example of one in which trial counsel tried his best to present a defense where it was difficult to create one. He cannot be faulted for proceeding as he did and he cannot be second guessed as to his trial strategy. Rolan v. Vaughn, supra.

Because it appears that petitioner's conviction was not secured in a manner contrary to law as set forth by the Supreme Court of the United States, nor involved an unreasonable application of that law, he is not entitled to relief here. Accordingly, it is recommended that the petition of Ian A. Finlay for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: January 23, 2013 United States Magistrate Judge